**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lasemial V. REED, aka Sealed 1, Defendant–Appellant.**

No. 00–30088.

D.C. No. CR–99–05143–JET.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2000.

Decided Jan. 11, 2001.

necessary.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, FISHER, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Lasemial Reed appeals his jury conviction and sentence for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Reed's conviction, but vacate his sentence and remand to the district court for resentencing.

Reed contends that the district court erred in denying his motion to suppress evidence because the police lacked reasonable suspicion to stop and frisk him for weapons. Reed's contention lacks merit. The specific question of whether reasonable suspicion existed under given facts is a legal conclusion subject to de novo review. *See United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir.2000). Any underlying factual findings are reviewed for clear error. *See United States v. Lopez–Soto*, 205 F.3d 1101, 1103 (9th Cir. 2000).

Reed argues that the officers' receipt of an anonymous call reporting a black male waving a gun at 48th and Yakima Streets was insufficient to support reasonable suspicion to stop and frisk him. Reed cites the Supreme Court's recent holding in *Florida v. J.L.*, 529 U.S. 266, 120 S.Ct. 1375, 1379, 146 L.Ed.2d 254 (2000), that an anonymous tip, without independent verification by officers, generally does not create reasonable suspicion to stop and frisk. The tip here, however, was

---

* The Honorable William W Schwarzer, Senior District Judge, United States District Court for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

not anonymous. Rather, it was made by a citizen-tipster, who was an eyewitness to the events she reported to the police, and who provided both her name and address to the police dispatch. Not only did she initially phone the police to report the waving of the gun, she then called a second time to inform police that the responding officers had driven past the suspect she had earlier reported.

In *J.L.* the Court reasoned that the anonymous nature of the tip made it unreliable absent independent corroboration, noting "[a]ll that the police had to go on in [J.L.'s] case was the bare report of an unknown, unaccountable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information...." *Id.* The tip that alerted the police to Reed's activities was not similarly "unknown" and "unaccountable," and thus did not require additional corroboration to establish its reliability.

In light of the tipster's second call reporting that she saw the responding officers drive past the suspect, the officers in this case could deduce that the tip was provided by an eyewitness who was contemporaneously viewing the illegal activity and the resulting police investigation. Thus, they knew the basis of the tipster's knowledge. Furthermore, the police had the tipster's name and address and thus could hold her accountable for the information she provided. *See United States v. Valentine*, 232 F.3d 350, 2000 WL 1648972 (3d Cir. Nov.2, 2000) (reliability of tip enhanced where the informant was exposed to retaliation and knew that officers could quickly confirm or refute the tip); *United States v. Christmas*, 222 F.3d 141, 144 (4th Cir.2000) (citizen informant who lived two doors down from illegal activities deemed credible because informing police about neighbor's activities exposed her to risk of reprisal); *United States v. Phillips*, 727

F.2d 392, 397 (5th Cir.1984) (when average citizen tenders information to police, police should assume credibility in absence of special circumstances).

The district court thus properly determined that the investigatory stop and attendant frisk for officer safety were legal and the gun seized from Reed was admissible. Reed's conviction is, therefore, affirmed.

Reed also appeals the district court's determination of his sentence. The Government concedes that the district court erroneously determined Reed's prior conviction for burglary in the second degree should serve as a crime of violence under U.S.S.G. § 2K2.1(a), and agrees that resentencing should be on the record as it now stands. Accordingly, we vacate Reed's sentence and remand to the district court for resentencing.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR RESENTENCING.